Filed 11/26/13  P. v. Sanchez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056919 |
| v. | (Super.Ct.No. SWF1202970) |
| ANTHONY EDWARD SANCHEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Albert J. Wojcik, Judge.  Affirmed.

Kevin Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Ronald A. Jakob, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Anthony Edward Sanchez is serving four years in prison after pleading guilty to inflicting corporal injury on the mother of his children.  He challenges the trial

1

court's order that he "have peaceful contact with [his children] only for the safe exchange of children for visitation as stated in a family, juvenile, or probate court order issued after the date that this order is signed, as an exception to any no-contact or stay-away order." This order was made at the suggestion of defense counsel to alter the standard language in a form CR-160 domestic violence criminal protective order. As discussed below, although neither the court nor the parties were aware that the Family Court had already issued a civil restraining order protecting defendant's children and their mother, there is no need for a remand. This is because the criminal protective order, although it refers to future orders rather than existing orders, accurately reflects the trial court's intent to leave any contact and visitation decisions up to the Family Court.

### FACTS AND PROCEDURE

On July 4, 2012, defendant inflicted a corporal injury resulting in a traumatic condition on the mother of his two children.[1]

On July 31, 2012, the People filed a felony complaint charging defendant with inflicting corporal injury resulting in a traumatic condition in violation of Penal Code, section 273.5, subdivision (a).[2] The People also alleged that defendant had four prison priors (§ 667.5, subd. (b)).

---

[1] These are all the facts available in the record on appeal. Defendant pled guilty before a preliminary hearing and waived preparation of a probation report. There is no police report in the record.

[2] All section references are to the Penal Code unless otherwise indicated.

2

After defendant was arraigned on the complaint, the superior court issued a domestic violence criminal protective order pursuant to section 136.2. The court ordered defendant to have no contact with the victim or with his two children. The order stated that any more-restrictive protective order issued in Family Law or by the Juvenile Court would take precedence.

On August 10, 2012, defendant plead guilty to the corporal injury charge in exchange for dismissal of the prison priors. Defendant waived the probation report and requested immediate sentencing. The court sentenced defendant to the four-year sentence to which the parties had agreed.

Also at this August 10, 2012 hearing, the court terminated its prior criminal protective order and proposed to sign a post-conviction domestic violence criminal protective order pursuant to section 273.5, subdivision (i).[3] The parties and the court entered into a lively discussion as to the terms of the new protective order. Defense counsel asked that defendant be allowed contact with his two children and argued that section 273.5, subdivision (i) applies only to the actual victims of the crime, which here did not include defendant's children. The People asked that the children be included in

---

[3] "Upon conviction under subdivision (a), the sentencing court shall also consider issuing an order restraining the defendant from any contact with the victim, which may be valid for up to 10 years, as determined by the court. It is the intent of the Legislature that the length of any restraining order be based upon the seriousness of the facts before the court, the probability of future violations, and the safety of the victim and his or her immediate family. This protective order may be issued by the court whether the defendant is sentenced to state prison, county jail, or if imposition of sentence is suspended and the defendant is placed on probation." (§ 273.5, subd. (i).)

the new protective order because they had been included in the previous order. The People argued that one of the children was present during the crime and that the victim had asked that child to call for help. Defense counsel suggested that the standard form for criminal protective orders in domestic violence cases, the CR-160, included boxes to check that allowed for communication to occur where there was a family law visitation order. Defense counsel proposed the trial court check box number 14[4] and that any visitation would have to be by separate family law order. The People again asked that the two children be included in the protective order. After this discussion the court proposed the following to the parties: that only the children's mother be listed in the order as a protected person, and that box 14 be checked but modified to include the children's names in place of the phrase "the protected persons named above." Neither party objected, and the hearing ended.

It appears that neither the parties nor the trial court were aware that the Family Court in Hemet had on July 26, 2012, in case number HED017919, issued a five-year civil restraining order after hearing. The Family Court used Judicial Council form DV-130 to grant the children's mother sole legal and physical custody, name the children and their mother as protected persons whom defendant could not contact, and order no visitation between defendant and his children until the parties attended child custody

---

[4] Box 14 on the form reads as follows: "may have peaceful contact with the protected persons named above only for the safe exchange of children for visitation as stated in a Family, Juvenile, or Probate court order issued after the date this order is signed, as an exception to the "no-contact" or "stay-away" provision in paragraphs 10, 11, or 12 of this order."

reconciliation counseling. This Court hereby takes judicial notice of this order, pursuant to defendant's Request for Judicial Notice filed with this Court on January 14, 2013.

This appeal followed.

**DISCUSSION**

Defendant asks this court to remand to the trial court with instructions to revise the criminal protective order to allow defendant to have ongoing contact with his children while he is incarcerated. He bases this request on three legal arguments, which we will address in turn.

First, defendant argues the trial court abused its discretion when it fashioned this criminal protective order because it inadvertently re-imposed the restriction on contact between defendant and his children that the court had sought to eliminate. Our reading of the sentencing hearing transcript shows that the trial court did not intend to eliminate restrictions on contact between defendant and his children. To the contrary, the trial court was quite clear that it intended for the family law courts to determine what contact was to be allowed. It set forth its intent behind checking box 14 and amending its language as follows: "And then it goes on to state this will be pursuant to, in this situation, any family court order issued after this date. [¶] So my guess is there will have to be some family court proceeding, and that they would have to decide through proceedings in front of them what, if any, visitation should be, and he has to comply with that. So that's what I'll do." It is apparent to us that, had the court been aware of the prior civil protective order, it would have checked box number 13, which allows contact according to *existing* "Family, Juvenile, or Probate court" orders, rather than box number

5

14, which is identical except that it refers to such orders "issued after the date this order is signed."

Thus, the trial court did not abuse its discretion because it accomplished what it sought to accomplish—to allow the Family Court to decide whether defendant could have contact with his children.

Second, defendant contends a remand to correct the criminal protective order to conform with the trial court's intent to allow contact between defendant and his children would be consistent with public policy. This argument is moot because we have already determined that the trial court intended to leave this decision to the Family Court.

Third, defendant argues remand is necessary to correct the conflict between the criminal protective order and the prior civil restraining order, which is still in effect. As the People point out, the criminal protective order is actually less restrictive than the prior civil restraining order because it does not list the children as protected persons and it permits future peaceful contact for visitation purposes if so ordered by another court. Thus, there is no need for a remand.

## DISPOSITION

The trial court's orders are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

MILLER
J.